## FAILURE TO PROVE RIGHT TO USURIOUS INTEREST.

Circuit Court of Cuyahoga County.

THE ECONOMY BUILDING & LOAN CO. v. J. R. PHILEN.

Decided, December 19, 1910.

*Building and Loan Association—Corporate Capacity and Power Denied.
—Must Make Proof Thereof.*

When a building and loan association sues to foreclose a mortgage and
for the collection of usurious interest on the debt thereby secured,
to which it claims a right under special provisions of the statutes,
and its corporate capacity is denied in the answer, it must prove
that it is a corporation possessing the powers it claims, and upon
its failure to make such proof judgment as to excess interest
claimed should be directed against it.

*Foster & Foster*, for plaintiff in error.
*W. T. Clark*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This action was brought in the common pleas court by the
company to foreclose a chattel mortgage given to it by Philen
on which it claimed a balance of $8. The verdict and judgment
were for the defendant.

Various errors alleged to have occurred on the trial are set
forth in the petition in error as a ground for reversal of the
judgment, but we are not called upon to pass upon any assign-
ment of error because the record discloses that in no event was
the plaintiff entitled to recover; it failed to prove its corporate
capacity.

The record shows that Philen borrowed $40 of the defendant
company; his note called for usurious interest, conceded to
amount to 18 per cent. per annum.

This rate was claimed to be lawful under the building and
loan association laws, but plaintiff failed to prove its right to
benefit by said laws. The issue of *nul tiel* corporation was
specially raised by the pleadings.

The record shows payment of the $40 with interest at six per cent. even without application of payments to stop interest.

It was said in the case of *Smith* v. *Weed Sewing Machine Co.*, 26 O. S., 562, approved and followed in *Brady* v. *The National Supply Co.*, 64 O. S., 267:

"At common law a corporation, when it sues, need not set forth its title in the declaration; but if issue be taken, it must show by evidence upon the trial, that it is a body corporate, having legal authority to make the contract which it seeks to enforce, if the action be upon contract, or to sue in that character and capacity in which it appears in court."

Not having sustained the burden cast upon it in this respect by the law, a verdict for the defendant might well have been directed, hence no prejudicial error to the plaintiff can be predicated upon the charge. No ruling of the court prevented plaintiff from offering the measure of proof required of it. It follows that the judgment must be affirmed.